UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CHRISTOPHER COOPER and MARTIS SANDERS as guardians for their minor daughter, K.C.; CHIRSTOPHER COOPER and MARTIS SANDERS, individually,<br><br>                Plaintiffs,<br>    v.<br><br>WOODLAND SCHOOL DISTRICT, K.W.R.L. TRANSPORTATION CO-OP, and SHANNON BARNE,<br><br>                Defendants. | CASE NO. 3:22-cv-05262-DGE<br><br>ORDER ON MOTION TO APPROVE MINOR SETTLEMENT AND WAIVE APPOINTMENT OF GUARDIAN AD LITEM |

This matter comes before the Court on Plaintiffs' motion for approval of a settlement involving two adults and a minor child who allegedly sustained injuries arising out of sexual harassment and racial discrimination at the Woodland School District. (Dkt. No. 17.) Plaintiffs' further ask the Court to waive the guardian ad litem requirement of Local Civil Rule 17(c). (*Id.*)

ORDER ON MOTION TO APPROVE MINOR SETTLEMENT AND WAIVE APPOINTMENT OF GUARDIAN AD LITEM - 1

For the reasons discussed below, Plaintiff's motion is DENIED without prejudice. The Court finds that an independent guardian ad litem should be appointed consistent with Local Civil Rule 17(c) to investigate the adequacy of the proposed settlement and to provide a report to the Court.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

Plaintiffs Christopher Cooper and Martis Sanders brought this action both as individuals and on behalf of their minor daughter, K.C on April 19, 2022. (Dkt. No. 2.) Plaintiffs allege that in 2019, K.C. was sexually harassed by two older boys while traveling home on a school bus from kindergarten. (Dkt. No. 9.) Plaintiffs contend that Defendants failed to adequately protect K.C., exhibited racial bias towards Cooper and Sanders, and failed to make any significant changes to their policies or practices regarding gender or racial bias. (*Id.*) Plaintiffs sued under Title VI of the Civil Rights Act of 1964, Title IX of the Education Amendments of 1972, and 42 U.S.C. § 1983. (*Id.*) Plaintiff also filed several claims under Washington state law. (*Id.*)

On August 26, 2022, Plaintiffs filed a motion for approval of a settlement between the parties, and asked the Court to waive the requirement of Local Civil Rule 17(c) that a guardian ad litem be appointed to investigate the adequacy of the offered settlement. (Dkt. No. 17.) Defendants do not oppose Plaintiffs' motion, but dispute "Plaintiffs' characterizations of liability and fact" and "categorically deny liability for all claims and factual allegations made by Plaintiffs." (Dkt. No. 18.)

The parties propose a total settlement of $75,000, to be distributed as follows:

- $2,750 to Plaintiff's counsel, Northwest Justice Project;
- $57,250 to Plaintiffs Christopher Cooper and Martis Sanders;
- $15,000 to be placed in an educational savings account for K.C.

(Dkt. No. 17 at 6-7.)

## II.     LEGAL STANDARD

"District courts have a special duty, derived from Federal Rule of Civil Procedure 17(c), to safeguard the interests of litigants who are minors." *Robidoux v. Rosengren*, 638 F.3d 1177, 1181 (9th Cir. 2011). "In the context of proposed settlements in suits involving minor plaintiffs, this special duty requires a district court to 'conduct its own inquiry to determine whether the settlement serves the best interests of the minor.' " (*Id.*)

Under Local Civil Rule 17(c), in every case where the court is requested to approve a settlement involving the claim of a minor or incompetent:

> an independent guardian ad litem, who shall be an attorney-at-law, must be appointed by the court, and said guardian ad litem shall investigate the adequacy of the offered settlement and report thereon; provided, however, that the court may dispense with the appointment of the guardian ad litem if a general guardian has been previously appointed for such minor or incompetent, or if the court affirmatively finds that the minor or incompetent is represented by independent counsel.

"Although the court has broad discretion and need not appoint a guardian ad litem if it determines the person is or can be otherwise adequately protected, it is under a legal obligation to consider whether the person is adequately protected." *United States v. 30.64 Acres of Land*, 795 F.2d 796, 805 (9th Cir. 1986).

## III.     DISCUSSION

Plaintiffs ask the Court to waive Local Civil Rule 17(c)'s requirement that a guardian ad litem be appointed to investigate and report on the adequacy of the settlement. (Dkt. No. 17.) Plaintiffs do not contend that a "general" guardian has previously been appointed for K.C. (although presumably the parents are the minor's present guardians). The Court also cannot conclude that K.C. is represented by "independent counsel" because her attorneys also represent

K.C.'s parents, who have brought their own claims and will receive funds related to these claims in the proposed settlement.

In addition, that the parties dispute the form of Plaintiffs' motion and language regarding the claims and liability gives the Court pause on whether the parties are prepared to enter a formal settlement agreement of the minor's claims.  Presumably, a settlement guardian ad litem would provide the Court with a report and recommendation as to whether the claims would be fully settled and whether the proposed payment on behalf of the minor adequately considers the claims, the risks involved in proceeding to trial, and any other factor that may weigh in favor of settlement.  At the present time, the Court simply has no basis to evaluate whether the minor is adequately protected.

Accordingly, the Court DENIES the request to waive the guardian ad litem requirement of Local Rule 17(c).  Therefore, Plaintiff's motion (Dkt. No. 17) is DENIED without prejudice.

### IV.	ORDER

The parties are directed to meet and confer to determine if they can stipulate to appointment of a particular attorney to serve as an independent guardian ad litem, or in the alternative if they can stipulate to requesting that the Court seek appointment of an independent guardian ad litem from the Court's pro bono panel.  Plaintiff is directed to file a motion for appointment of an independent guardian ad litem by November 1, 2022.

Dated this 1st day of September, 2022.

David G. Estudillo
United States District Judge